EXHIBIT B
PLAINTIFF'S ORIGINAL PETITION
FILED IN DISTRICT COURT
ON JANUARY 10, 2022

Electronically Submitted
1/10/2022 11:53 AM
Gregg County District Clerk
By: Justin Loden ,deputy

CAUSE NO. **2022-42-B** _____

| | | |
|---|---|---|
| **SALEM MITCHELL** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **GREGG COUNTY, TEXAS** |
| | § | |
| **DOLGENCORP OF TEXAS INC.** | § | |
| | § | |
| *Defendant.* | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETTITION

Plaintiff Salem Mitchell (hereinafter, "Plaintiff") complains of Defendant, Dolgencorp of Texas Inc., (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1.    Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.    The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Gregg County, Texas.

### Statement Regarding Monetary Relief Sought

3.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.  Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

**Parties**

4.      Plaintiff is an individual residing in Gregg County, Texas.

5.      Defendant, Dolgencorp of Texas Inc is a foreign for-profit corporation engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

**Facts**

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 21, 2021. At that time, Plaintiff was an invitee at Defendant's store at 2324 Judson Road, Longview, Texas 75605. Plaintiff entered Defendant's store and suddenly slipped and fell in what he believed to be a puddle of water. This incident caused Plaintiff to suffer severe injuries to his neck, back, left leg, and several other bodily injuries. There were no warning signs present or any other signs of caution which would have put Plaintiff on notice of the hazard that the floors were wet and could have caused him to slip and fall.

7.      At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to

2

inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9.      Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

      a.   Failure to maintain the premises, including, ensuring that the clothing racks were kept in a reasonably safe condition;

      b.   Failure to inspect the premises where the dangerous condition existed;

      c.   Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

      d.   Failure to inform Plaintiff of the dangerous condition existing on the premises; and

      e.   Other acts deemed negligent.

10.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

### Damages

12.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

      a.   Past and future medical expenses;

      b.   Past and future pain, suffering and mental anguish;

      c.   Past and future physical impairment;

      d.   Past and future physical disfigurement; and

      e.   Past lost wages and future loss of earning capacity.

14.     By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

15.     Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

16.     Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

17.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre- and post-judgment interest, all costs of Court, and all such other and further relief, to which Plaintiff may be justly entitled.

*[Signature block on next page]*

4

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Thompson Du*
**Thompson Du**
Texas State Bar No. 24102853
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile:  (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trevin Stoker on behalf of John Daspit
Bar No. 24048906
trevin@daspitlaw.com
Envelope ID: 60657825
Status as of 1/10/2022 1:07 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alma Lira | | Alira@proactivelegal.com | 1/10/2022 11:53:38 AM | SENT |
| DLF Intake | | intake@daspitlaw.com | 1/10/2022 11:53:38 AM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 1/10/2022 11:53:38 AM | SENT |
| Trevin Stoker | | trevin@daspitlaw.com | 1/10/2022 11:53:38 AM | SENT |
| Thompson Du | | du@daspitlaw.com | 1/10/2022 11:53:38 AM | SENT |
| John Daspit | | e-service@daspitlaw.com | 1/10/2022 11:53:38 AM | SENT |